IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01065-KLM

RODNEY DOUGLAS EAVES,

    Plaintiff,

v.

EL PASO COUNTY BOARD OF COUNTY COMMISSIONERS,
BILL ELDERS,
ROB KING,
ZACHARY MARGURITE,
CANYON PARCELL,
MICHAEL KIMBERLAIN,
CORRECT CARE SOLUTIONS,
JOHN DOES 1-6, and
JANE DOE,

    Defendants.

---

**ORDER**

---

**ENTERED BY KRISTEN L. MIX, UNITED STATES MAGISTRATE JUDGE.**

This matter is before the Court on Defendants El Paso County Board of County Commissioners ("El Paso County"), Bill Elders ("Elders"),[1] Rob King ("King"), Zachary Margurite ("Margurite"), Canyon Parcell ("Parcell"), and Michael Kimberlain's ("Kimberlain") **Motion to Dismiss Pursuant to Fed. R. Civ. P. 8, 12(b)(1), and 12(b)(6)** [#19][2] (the

---

[1] Defendants state that this defendant's true name is "Bill Elder." *Motion* [#19] at 1 n.1. The Court refers to the Defendant here as "Elders" in order to be consistent with the Amended Complaint [#6]. The Defendant's name may be corrected at a later date.

[2] "[#19]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

"Motion").³ Plaintiff, who proceeds as a pro se litigant,⁴ filed a Response [#22] in opposition, and Defendants filed a Reply [#23]. The Court has reviewed all briefing on the Motion, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#19] is **GRANTED in part** and **DENIED in part**.

## I. Summary of the Case⁵

Plaintiff is an inmate at the Bent County Correctional Facility in Las Animas, Colorado. *See Notice of Change of Address* [#26]. Defendants are employees of El Paso County, where Plaintiff was previously incarcerated. *Am. Compl.* [#6] at 2-5. On May 10, 2016, Plaintiff initiated this case by filing a Prisoner Complaint [#1]. On May 12, 2016, Plaintiff was ordered to file an amended complaint. *Order* [#5]. Plaintiff filed the Amended Complaint [#6] on June 9, 2016, in which he asserts four claims.

Plaintiff brings Claim One, titled "Denial of Due Process," against Defendants Margurite, Lieutenant John Does #5 and #6,⁶ and Jane Doe (#14) based on his placement

---

³ Defendant Correct Care Solutions was not served until March 14, 2017, and has not yet filed an answer or otherwise responded to the Amended Complaint [#6].

⁴ The Court must construe the filings of pro se litigants liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

⁵ All well-pled facts from the complaint are accepted as true and viewed in the light most favorable to Plaintiff. *See Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015). The Court summarizes only the facts relevant to the claims that relate to the Defendants who filed this Motion [#19].

⁶ Plaintiff has brought this lawsuit against six John Does and one Jane Doe. Plaintiff refers to them by the number he has assigned them in Section A ("Parties") of the Amended Complaint [#6]. The Court does the same here for consistency.

in Special Detention and denial of privileges for several months. *Am. Compl.* [#6] at 7-8. Plaintiff brings Claim Two, titled "Deliberate Indifference," against Defendant El Paso County for exposure to materials in the jail that caused him respiratory problems and eye irritation. *Id.* at 9. Plaintiff brings Claim Three, titled "Excessive Use of Force," against Defendants Parcell, Kimberlain, John Does #12 and #13, Sergeant John Does #7 and #8, Elders, and King related to Plaintiff's alleged beating by prison officials. *Id.* at 10-11. Claim Four is asserted against Defendant Correct Care Solutions, who was only recently served and has not yet filed an Answer or other response to the Amended Complaint [#6]. Defendants' Motion [#19] does not address Claim Four.

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. *Am. Compl.* [#6] at 15-20.

## II. Legal Standards

### A. Fed. R. Civ. P. 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(1). Statutes conferring subject matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing

a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

**B.     Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (alteration in original) (internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (first alteration in original) (citation and internal quotation omitted).

"Under Rule 8, a plaintiff must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Tuttamore v. Lappin*, 429 F. App'x 687, 689 (10th Cir. 2011) (quoting Fed.R.Civ.P. 8(a)(2)). As with Rule 12(b)(6), "to overcome a motion to dismiss, a plaintiff's allegations must move from conceivable to plausible." *Id.* Indeed, "Rule 8(a)'s mandate . . . has been incorporated into the 12(b)(6) inquiry." *United States ex rel. Lemmon v. Envirocare of Utah*, 614 F.3d 1163, 1171 (10th Cir. 2010). Rule

8 enables "the court and the defendants to know what claims are being asserted and to determine how to respond to those claims." *Tuttamore*, 429 F. App'x at 689.

**C.    Qualified Immunity**

Qualified immunity shields government officials from individual liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person in their position would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When a defendant raises qualified immunity, the burden shifts to the plaintiff to satisfy a strict two-part test. *Escobar v. Reid*, 668 F. Supp. 2d 1260, 1293 (D. Colo. 2009).

> First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue. The question of whether the constitutional right was clearly established must be asked in the context of the particular case before the court, not as a general, abstract matter. That is, [t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer [in the defendant's position] that his conduct was unlawful in the situation he confronted. In order for a constitutional right to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clear weight of authority from other circuits must establish the constitutional right. In other words, there must be case law in which a constitutional violation was found based upon similar conduct.

*Id.* (alterations in original) (internal citations and quotations omitted). Subsequent authority has clarified that either part of the qualified immunity analysis may be addressed by the Court first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

### III.  Analysis

**A.    Claim One: "Denial of Due Process"**

Plaintiff alleges that on April 13, 2015, Defendant Margurite took him to a "special

detention cell," where he was in constant lockdown and lost "all privileges," including being denied "games, books, recreation, hot water for coffee or soups, television, social time with other inmates, commissary, phone calls, and access to the kiosk to send kites for needs and concerns." *Am. Compl.* [#6] at 7, 8. According to Plaintiff, he was taken to Special Detention without being "written up" or advised why he was being moved. *Id.* Plaintiff asserts that Defendant Margurite took him to Special Detention "to be assaulted by the other Deputies," which is "the standard operating procedure for Deputies." *Id.* Two days after Plaintiff's arrival in Special Detention, Plaintiff alleges that Defendant Margurite wrote false allegations in an incident report, after which Plaintiff had a hearing on April 22, 2015. *Id.* Plaintiff alleges that he was not permitted to call witnesses or write a statement, and that Defendant Lieutenant Doe (#5) did not review evidence in Plaintiff's favor. *Id.* Defendant Lieutenant John Doe (#6) approved the disciplinary action and denied Plaintiff's appeal. *Id.* at 8. When Plaintiff sent a kite to "classification," Defendant Jane Doe (#14) responded and "refused to address the issues." *Id.* Plaintiff asserts that he remained in lockdown for five months due to these John and Jane Does' actions. *Id.* The Court solely addresses Plaintiff's claim with respect to Defendant Margurite because Defendants' Motion [#19] is limited to the same.

Under the Fourteenth Amendment due process clause, a pretrial detainee may not be punished prior to a lawful conviction. *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1106 (10th Cir. 2005) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1970)). The government may, however, subject a pretrial detainee to the conditions and restrictions of incarceration so long as those conditions and restrictions do not amount to punishment. *Id.*

The determination of whether a condition of pretrial detention amounts to

>punishment turns on whether the condition is imposed for the purpose of punishment or whether it is incident to some other legitimate government purpose. If an act by a prison official, such as placing the detainee in segregation, is done with intent to punish, the act constitutes unconstitutional pretrial punishment. Similarly, if a restriction or condition is not reasonably related to a legitimate governmental goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the action is punishment. On the other hand, restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting. Obviously, ensuring security and order at the institution is a permissible nonpunitive objective, whether the facility houses pretrial detainees, convicted inmates, or both. Thus, no process is required if a pretrial detainee is placed in segregation not as punishment but for managerial reasons.

*Id.* at 1106 (internal quotes and citations omitted); *see also* Meeks *v. Koonce*, No. 14–cv–01335–MSK–KLM, 2015 WL 4940993, at *4 (D. Colo. Aug. 20, 2015), amended in part on other grounds by *Meeks v. Koonce*, No. 14–cv–01335–MSK–KLM, 2015 WL 5000731 (D. Colo. Aug. 24, 2015).

The parties appear to agree that Plaintiff was a pretrial detainee at the time of the events at issue. *Motion* [#19] at 8; *Response* [#22] at 2. Based on that status, the Court finds that Plaintiff's allegations are sufficient to state a claim for denial of due process. Here, Plaintiff asserts that he was placed in Special Detention without any notice of the reason for his placement, and that Defendant Margurite lodged false allegations against him two days after that placement. *Am. Compl.* [#6] at 7. Plaintiff asserts that he was placed there in order to be assaulted by the deputies, which he alleges is a "standard operating procedure" at the facility. *Id.* Thus, he has pled that he was punished by being placed and kept in Special Detention, in lockdown and without recreation, for approximately five months without cause although he was merely a pretrial detainee. *Id.*; *see Abila v. Funk*, No. CIV 14-1002 JB/SMV, 2016 WL 7242731, at *37 (D.N.M. Nov. 23, 2016) (finding

that being confined in a solitary cell with only some access to recreation and having no exercise for six months violated plaintiff's right to substantive due process) (citing *Littlefield v. Deland*, 641 F.2d 729, 732 (10th Cir. 1981)).

Because the analysis of Plaintiff's claim turns on whether the government had a legitimate penological interest with respect to his placement, and Plaintiff alleges that he was not given any notice before being taken to Special Detention and that the subsequent disciplinary proceedings were based on falsified allegations, the Court finds it is permissible to infer at this stage of the litigation that the placement was purposeless or impermissibly imposed as punishment. Thus, Plaintiff has sufficiently stated a due process claim by alleging that he was a pretrial detainee who was placed in lockdown conditions for several months without a legitimate governmental purpose. *Peoples*, 422 F.3d at 1106. The Court further finds that Plaintiff's right was clearly established pursuant to the Tenth Circuit Court of Appeals' holding in *Peoples*, 422 F.3d at 1106. Defendant Margurite is therefore not entitled to qualified immunity on this claim.

Accordingly, the Court concludes that Plaintiff has sufficiently pled a Fourteenth Amendment due process violation against Defendant Margurite, and the Motion [#19] is **denied** as to this claim.

Lastly, Defendants state without further explanation in two footnotes that their "same argument would apply to any County Defendant Deputy John and Jane Does." *Motion* [#19] at 6 n.3, 9 n.8. The Court rejects this statement because Plaintiff's factual allegations regarding the John and Jane Does are obviously distinct from those regarding Defendant Margurite. The Court declines to address contentions that are unsupported by adequate

argument, like Defendants' assertions here.  *See United States v. Chapman*, 839 F.3d 1232, 1239 n.4 (10th Cir. 2016).  Thus, dismissal of the John and Jane Does would be premature at this time.

**B.     Claim Two: "Deliberate Indifference"[7]**

Plaintiff brings Claim Two against Defendant El Paso County.  Plaintiff alleges that he was transferred between three different wards in which he was exposed to either friable asbestos or "some type of insulation type material that continuously falls from the exposed c[ei]ling," which affected his breathing and irritated his eyes.  *Am. Compl.* [#6] at 9.  He appears to allege that the exposure continues to affect his respiratory tract.  *Id.*  Plaintiff further asserts that Defendant El Paso County was aware of the conditions because of their yearly inspections of the facility and because maintenance personnel have notified Defendant of leaks in the roof that cause the material to fall from the ceiling when wet.  *Id.*  Defendants argue that Plaintiff's recitation of the facts is insufficient to state a medical deliberate indifference claim, and that it should therefore be dismissed.  *Motion* [#19] at 9-10.

The Court's interpretation of Plaintiff's briefing is that his claim may more appropriately be construed as a conditions of confinement claim.  Thus, the Court analyzes it as such.  *See Hall*, 935 F.2d at 1110 ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority . . . .").  Pretrial detainees are protected under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's

---

[7] To the extent that Plaintiff brings this claim pursuant to Colorado state law, it is addressed in Section D below.

proscription against cruel and unusual punishment. *Berry v. City of Muskogee*, 900 F.2d 1489, 1493 (10th Cir. 1990). Nonetheless, "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998). Therefore, the Court analyzes Plaintiff's conditions of confinement claim under the framework of the Eighth Amendment. *See id.* ("Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims.").

"The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). The conditions must comply with "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Eighth Amendment prohibits "punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society," and that "involve the unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 102 (citations and quotations omitted). The Court applies a two-part test that consists of an objective and subjective component when determining whether a plaintiff has established cruel and unusual punishment. *Craig*, 164 F.3d at 495 (internal quotation omitted). "The objective component requires that the alleged deprivation be sufficiently serious," and "[t]he subjective component requires the jail official to have a sufficiently culpable state of mind," meaning deliberate indifference. *Id.* (quotation omitted).

With respect to the objective component, Plaintiff alleges that he was exposed for five months to either friable asbestos, or some other insulation-like substance falling from

the ceiling that constantly irritated his eyes and affected his ability to breathe. *Am. Compl.* [#6] at 9. Determining whether Plaintiff's conditions of confinement violated the Eighth Amendment requires that the Court "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *See Helling v. McKinney*, 509 U.S. 25, 36 (1993). Taking Plaintiff's allegations as true, the Court finds that he has sufficiently pled this element. "The health risk posed by friable asbestos has been acknowledged by various courts, which have held that inmates' unwilling exposure to an unreasonably high concentration of air-borne asbestos particles constitutes a cognizable claim under the Eighth Amendment." *Templeton v. Anderson*, 607 F. App'x 784, 787 (10th Cir. 2015) (citing *Pack v. Artuz*, 348 F. Supp. 2d 63, 79 (S.D.N.Y. 2004) (collecting cases)). Even if the material is not asbestos, but rather some other exposed insulation that causes breathing problems and eye irritation, Plaintiff has still sufficiently alleged conditions that violate contemporary standards of decency. *See Helling*, 509 U.S. at 36. Additionally, Plaintiff alleges that he was exposed for a period of several months. *See Craig*, 164 F.3d at 495 (stating that "[t]he difference between enduring certain harsh conditions for seven weeks versus six months may be constitutionally significant"). Therefore, the duration and intensity of the exposure sufficiently alleges a substantial risk of serious harm. *See id.*; *compare Templeton*, 607 F. App'x at 787 (finding that exposure to asbestos-containing tile for approximately one hour was not a significant duration). Thus, the Court considers the second component.

For convicted inmates, the subjective component of the conditions of confinement test is satisfied if the "'[prison] official knows of and disregards an excessive risk to inmate

health and safety.'" *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  However, for pretrial detainees, in the absence of express intent to punish, the deliberate indifference standard may also be met by "showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015) (quoting *Bell*, 441 U.S. at 535). While *Kingsley* dealt with an excessive force – rather than conditions of confinement – claim, the Court nonetheless applies the deliberate indifference standard set out for pretrial detainees in *Kingsley*.  The *Kingsley* Court used broad language to hold that a detainee may prevail by showing that the "challenged governmental action" is not rationally related to a legitimate governmental purpose, and did not limit its holding to excessive force.  *Id.* at 2473-74.  Furthermore, *Kingsley* premised its holding on *Bell*, a conditions of confinement case.  *See also Abila*, 2016 WL 7242731, at *37 (applying the *Kingsley* deliberate indifference standard for pretrial detainees to a conditions of confinement claim).

Here, Plaintiff alleges that Defendant was aware of the asbestos or insulation problem, due to yearly inspections and based on reports from maintenance personnel.  *Am. Compl.* [#6] at 9.  Exposure of inmates to these types of conditions does not appear to have any relation to a legitimate nonpunitive governmental purpose.  *See Kingsley*, 135 S.Ct. at 2473.  Thus, Plaintiff has sufficiently pled the subjective component of the conditions of confinement test.

Accordingly, the Court concludes that Plaintiff has sufficiently pled a Fourteenth Amendment conditions of confinement violation against Defendant El Paso County and the Motion [#19] is **denied** as to this claim.

**C.     Claim Three: "Excessive Force"**[8]

Plaintiff alleges that on arrival to Special Detention, his face was repeatedly slammed into the floor by Defendants Parcell and Kimberlain, while John Does #12 and #13 held him down. *Am. Compl.* [#6] at 10. Plaintiff alleges that he suffered damage to his left ear that resulted in permanent hearing loss, fractures, difficulty breathing through one nostril, and depression and episodic mood disorder. *Id.* at 11. Plaintiff further alleges that Defendant Sergeant John Doe (#7) took photographs and made a report about the incident, but later "made sure [that] the report and photos disappeared" in order to "cover up" the alleged assault. *Id.* at 10. Another Defendant Sergeant John Doe (#8) was contacted by Plaintiff's wife, refused to give his name, and said that Plaintiff was fine. *Id.* at 11. Plaintiff vaguely alleges that another sergeant who responded to a "request" denied that the assault occurred, and that Plaintiff was "denied an administrative remedy" on April 21, 2015. *Id.*

Defendants argue that Plaintiff has failed to state a claim for excessive force against Defendants Parcell and Kimberlain because he has not alleged sufficient facts regarding the Defendants' motives, and has failed to adequately describe the circumstances surrounding the events leading to use of force. *Motion* [#19] at 12. Defendants assert that they are therefore entitled to qualified immunity.

"[T]he Due Process clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley*, 135 S.Ct. at 2473 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). In *Kingsley*, the United States Supreme Court ruled that a pretrial detainee's Fourteenth Amendment claim regarding the use of excessive force turns

---

[8] To the extent that Plaintiff brings this claim against Defendants Elders and King pursuant to Colorado state law, it is addressed in Section D below.

on the objective reasonableness of the use of force, which depends on the facts and circumstances of each particular case. *Id.* The Supreme Court also provided a non-exclusive list of considerations to consider in determining whether a use of force was reasonable:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* Furthermore, the Supreme Court held that proof as to the defendants' mental state is not required, but that the determination is made by considering the perspective of a reasonable officer on the scene based on the information the officer had at the time. *See id.* In the absence of an expressed intent to punish, "a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *See id.* (quoting *Bell*, 441 U.S. at 535, 561).

Here, Plaintiff alleges that he was taken to Special Detention without prior notice or a hearing until two days later. As an initial matter, Plaintiff's Amended Complaint does not explain the circumstances surrounding the use of force. Plaintiff states in his Response that when he was beaten by the deputies, he was "not resisting, was already in handcuffs, and that there was no need for any use of force for a smart remark." *Response* [#22] at 4. However, the Court may not consider these allegations because Plaintiff's Response is unsworn. Plaintiff also states that these allegations were accidentally left out of his Amended Complaint, and asks that the Court consider them because they were included in his original Complaint [#1]. *Id.* Considering allegations from the original Complaint is

impermissible because the Court is bound by the operative Amended Complaint.  *See Franklin v. Kansas Dep't. of Corrs.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.").

Nonetheless, taking as true Plaintiff's allegation in the Amended Complaint [#6] that he had not done anything to warrant being taken to Special Detention – and taking as true his allegation that the disciplinary allegations written up two days later were false – it does not appear that the amount of force used was necessary.  Therefore, the excessive force alleged amounts to punishment.  *See Kingsley*, 135 S.Ct. at 2473.  Plaintiff has alleged injuries that are quite serious, which may only have been justified if the deputies felt threatened, if Plaintiff was actively resisting, or if there was some other serious security risk.  *See id.*  Plaintiff's pleadings do not indicate that he posed any threat to the deputies or to anyone.  Of course, Plaintiff's allegations may be refuted by Defendants at a later stage, but the Court concludes that at this time Plaintiff has sufficiently stated a claim for excessive force under the Fourteenth Amendment.

An officer enjoys qualified immunity and is not liable for excessive force unless he has violated a "clearly established" right, such that "it would [have been] clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Saucier v. Katz*, 533 U.S. 194, 202 (2001).  Based on Plaintiff's allegations, the Court finds that his right to be free from excessive force amounting to punishment where there was insufficient justification for the force applied was clearly established.  *See Kingsley*, 135 S.Ct. at 2475 ("And, most importantly, pretrial detainees (unlike convicted prisoners) cannot be punished at all . . . .  Thus, there is no need here, as there might be in an Eighth Amendment case,

to determine when punishment is unconstitutional.") (citing *Ingraham v. Wright*, 430 U.S. 651, 671–672, n. 40 (1977); *Graham*, 490 U.S. at 397).

Accordingly, Plaintiff has sufficiently stated a Fourteenth Amendment excessive force claim against Defendants Parcell and Kimberlain. The Court also finds that they are not entitled to qualified immunity. Therefore, the Motion [#19] is **denied** as to this claim.

Lastly, Defendants argue in a footnote that their "same argument would apply to any County Defendant Deputy John and Jane Does." *Motion* [#19] at 11 n.10. As with Claim One, Plaintiff's factual allegations regarding the John Does in this claim are distinct from those against the named Defendants. The Court declines to address Defendants' contentions here because they are unsupported by adequate argument. *See Chapman*, 839 F.3d at 1239 n.4.

### D.    State Law Claims

It appears that Plaintiff brings the following parts of Claims Two and Three pursuant to Colorado law: (1) premises liability or other tort claim related to Plaintiff's alleged exposure to friable asbestos for several months; (2) assault and battery by the Defendants who beat Plaintiff on arrival to Special Detention; and (3) liability of Defendants Elders and King for the beating of Plaintiff, based on their positions as Sheriff and Commander. *See Response* [#22] at 3, 5. While the Amended Complaint does not specify under what legal theories Plaintiff brings these claims, they may nevertheless be resolved on jurisdictional grounds without consideration of the merits.

Defendants contend that any state law claims must fail because Plaintiff has failed to comply with the notice provisions of the Colorado Governmental Immunity Act ("CGIA").

*Motion* [#19] at 10, 13.  The notice requirements of the CGIA provide that:

> [a]ny person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred eighty-two days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury. Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

Colo. Rev. Stat. § 24–10–109(1).  The CGIA also provides that the notice must be filed with the attorney general when the claim is against the state or state employees.  Colo. Rev. Stat. § 24–10–109(3)(a).  "When a plaintiff fails to plead compliance with the CGIA, and a court addresses the case in the context of a motion to dismiss, the court must accept as a matter of 'fact' that the plaintiff failed to comply with the notice provisions."  *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 840 (10th Cir. 2003).

Plaintiff does not allege that he has complied with the CGIA notice requirements with respect to any of the three claims that he appears to assert under Colorado law.  Rather, Plaintiff states that he sent notice to the U.S. Department of Justice, and when he did not receive a response, learned from a "jailhouse lawyer" that he was supposed to file the notice with the U.S. District Court in Denver, Colorado.  *Response* [#22] at 5-6.  Neither of these statements indicates that Plaintiff may have complied with the CGIA requirement outlined above.  *See  Am. Compl.* [#6] at 10.  Thus, the Court concludes that Plaintiff has failed to sufficiently plead compliance with the notice provisions.  *See Aspen Orthopaedics*, 353 F.3d at 840.  "Unlike under ordinary statutes of limitations, a plaintiff cannot invoke equitable defenses such as waiver, tolling, or estoppel to overcome" the CGIA's notice

provision. *Schreiner v. City of Louisville*, No. 15-CV-00287-REB-CBS, 2015 WL 9437882, at *8 (D. Colo. Dec. 4, 2015), *report and recommendation adopted*, No. 15-CV-00287-REB-CBS, 2015 WL 9315736 (D. Colo. Dec. 23, 2015) (citing *City & Cty. of Denver v. Crandall*, 161 P.3d 627, 633 (Colo. 2007) (en banc)).  Therefore, to the extent Plaintiff raises state law claims against Defendants Parcell, Kimberlain, Elders, King, and El Paso County, they must be **dismissed without prejudice**.  *See Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010) ("Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect.").

## VI. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that Defendants' Motion [#19] is **GRANTED in part** and **DENIED in part**.

The following claims are **dismissed without prejudice**:

All state law claims against Defendants Parcell, Kimberlain, Elders, King, and El Paso County.

The following claims **remain**:

(1) Fourteenth Amendment due process violation alleged against Defendant Margurite and the John and Jane Does,

(2) Fourteenth Amendment conditions of confinement violation alleged against Defendant El Paso County, and

(3) Fourteenth Amendment excessive force claim alleged against Defendants Parcell and Kimberlain and the John Does.

DATED: March 24, 2017

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge