IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01065-KLM

RODNEY DOUGLAS EAVES,

  Plaintiff,

v.

EL PASO BOARD OF COUNTY COMMISSIONERS,
ZACHARY MARGURITE,
CANYON PARCELL,
MICHAEL KIMBERLAIN,
CORRECT CARE SOLUTIONS,
JOHN DOES 1-6, and
JANE DOE,

  Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion to Dismiss From Defendant Correct Care Solutions LLC** [#34][1] (the "Motion"). Plaintiff, who proceeds as a pro se litigant,[2] filed a Response [#42] in opposition to the Motion, and Defendant filed a Reply [#44]. The Court has reviewed all briefing on the Motion, the entire case file, and the applicable law, and is

---

[1] "[#34]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout this Order.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

sufficiently advised in the premises. For the reasons set forth below, the Motion [#34] is **GRANTED**.

## I. Background

Plaintiff is currently incarcerated at the Bent County Correction Facility in Las Animas, Colorado. *See Notice of Change of Address* [#26]. Plaintiff initiated this action while he was a pretrial detainee at El Paso County Correctional Facility by filing his initial Complaint [#1] on May 10, 2016. On May 12, 2016, the Court entered an Order directing Plaintiff to amend the Complaint [#1]. Plaintiff then filed his Amended Complaint [#6] on June 9, 2016, which included four separate claims for relief against fifteen Defendants. Defendants El Paso County Board of County Commissioners, Bill Elders, Rob King, Zachary Margurite, Canyon Parcell, and Michael Kimberlain filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 8, 12(b)(1), and 12(b)(6) [#19] ("Defendants' First Motion") on July 12, 2016. The Court entered an Order [#33] on March 24, 2017, granting in part and denying in part Defendants' First Motion [#19]. The Court dismissed only the state law claims against Defendants Parcell, Kimberlain, Elders, King, and El Paso County. *Order* [#33] at 19. Therefore, the remaining claims in this case are: (1) Fourteenth Amendment due process violation alleged against Defendant Margurite and the John and Jane Does; (2) Fourteenth Amendment conditions of confinement violation alleged against Defendant El Paso County; (3) Fourteenth Amendment excessive force claim alleged against Defendants Parcell and Kimberlain and the John Does; and (4) Fourteenth Amendment deliberate indifference claim alleged against Defendant Correct Care Solutions, LLC ("Defendant").

The present Motion [#34] addresses only the Fourteenth Amendment deliberate indifference claim against Defendant. In that claim, Plaintiff alleges that Defendant "asserted [he] had no injuries" after an alleged assault by El Paso County Deputies that resulted in injuries to Plaintiff's face and neck. *Am. Comp.* [#6] at 12. Additionally, Plaintiff alleges that Defendant denied him medical care from April 13, 2015, until April 22, 2015, and "even after diagnostic procedures on 4-22-15 [Defendant] continued to deny [he] had no injuries [sic]." *Id.* Plaintiff alleges that he "requested to have [his] medical records reviewed by [his] own doctor and [Defendant] denied the release." *Id.* Lastly, Plaintiff alleges that "[n]othing has ever been done for my injuries. I was simply given naproxen for pain even though the doctor finally admitted to me that my C/T scan did come back showing some fractures to my face." *Id.*

Plaintiff alleges that he has suffered lasting effects to his hearing, vision and breathing as a result of Defendant's "policies and procedures." *Id.* at 13. Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages against Defendant in the amount of $20,000 and punitive damages in the amount of $10,000. *Am. Compl.* [#6] at 15-20.

Defendant argues that Plaintiff's deliberate indifference claim should be dismissed because Plaintiff only alleges in a conclusory manner than the alleged deliberate indifference was a result of Defendant's policy and procedure. *Motion* [#34] at 5. Specifically, Defendant argues that Plaintiff fails to sufficiently allege that Defendant's actions were widespread or well-settled customs because Plaintiff only alleges facts related to himself individually. *Id.* at 5-6.

## II. Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy*

*Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n][ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III.  Analysis

Plaintiff alleges that Defendant violated his Fourteenth Amendment rights by its deliberate indifference to his medical needs. Specifically, Plaintiff alleges that Defendant "acted under color of state law" in violating his Fourteenth Amendment rights "because [Defendant is] contracted by the El Paso County Sher[ ]iff[']s Department and [is] delegated constitutional obligations to provide medical care." *Am. Compl.* [#6] at 5 ¶ 15.

The Court first considers whether Defendant may be sued pursuant to U.S.C. 42 § 1983. The United States Supreme Court held that a municipality cannot be found liable under § 1983 merely on account of unauthorized acts of its agents. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978). However, governing bodies can be sued under § 1983 directly where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. The Tenth Circuit "has extended the *Monell* doctrine to private entities acting under color of state law." *Carmody v. Ensminger*, No. 16-cv-02603-PAB-NYW, 2017 WL 4150601, at *4 (D. Colo. Sept. 19, 2017) (citing *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003)). "[T]o hold the entity liable, the plaintiff must identify an official policy or a custom that is the 'direct cause' or 'moving force' behind the constitutional violations." *Aguilar v. Colorado State Penitentiary*,

656 F. App'x 400, 403 (10th Cir. 2016) (quoting *Dubbs*, 336 F.3d at 1215).

Here, Defendant was contracted to provide medical care to the El Paso County prisons and therefore was acting under the color of state law. *See Dubbs*, 336 F.3d at 1216; *Carmody*, 2017 WL 4150601, at *4 (finding that Correct Care Solutions, LLC was a proper defendant to a municipal liability claim when it was contracted by a correctional facility to provide medical care to inmates). Thus, Plaintiff may allege a municipal liability claim under § 1983 against Defendant.

To state a claim for municipal liability under § 1983 for Defendant's actions, Plaintiff must allege sufficient facts to demonstrate: "(1) that a municipal employee committed a constitutional violation; and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation."[3] *Carmody*, 2017 WL 4150601, at *4 (quoting *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004). The Court recognizes five different forms of customs or policies: "(1) an officially promulgated policy; (2) an informal custom amounting to a widespread practice; (3) the decisions of employees with final policymaking authority; (4) the ratification by final policymakers of the decisions of their subordinates; [and] (5) the failure to adequately train or supervise employees." *Id.*

In addition to alleging the existence of a municipal policy or custom, a plaintiff must also allege that there was "a direct causal link between the policy or custom and the injury alleged; and [ ] deliberate indifference on the part of the municipality." *Davies v. City of Lakewood*, No. 14-CV-01285-RBJ, 2016 WL 615471, at *10 (D. Colo. Feb. 16, 2016) (citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013)).

---

[3] Because Defendant only argues that Plaintiff has not sufficiently alleged an official custom or policy, the Court focuses its analysis on the second prong of municipal liability.

Here, Defendant argues that Plaintiff fails to sufficiently allege that Defendant had a custom or policy that was the moving force behind Defendant's actions or Plaintiff's injuries. *Motion* [#34] at 3-6. Specifically, Defendant argues that Plaintiff merely alleges in a "wholly conclusory fashion" that Defendant's actions were a result of a custom or policy, and that Plaintiff's allegations are therefore insufficient to state a claim for municipal liability. *Id.* at 5.

In *Bauer v. City and County of Denver*, the Tenth Circuit Court of Appeals held that the plaintiff had failed to sufficiently allege the existence of a municipal policy or custom. 642 F. App'x 920, 923-24 (10th Cir. 2016). In *Bauer*, the plaintiff alleged that the City's "unconstitutional policies, customs, [and] practices, as described herein, were the legal proximate cause of the amputation of the Plaintiff's foot." *Id.* The *Bauer* court held that these allegations were insufficient because the plaintiff only alleged incidents involving the plaintiff in question and in the alternative failed to allege additional facts that the policy was formally established. *Id.*

Thus, the Court considers Plaintiff's specific allegations. Plaintiff alleges the following regarding Defendant's customs or procedures: "Because of [Defendant's] policies and procedures I was denied the ability to have my own doctor to review those records and get appropriate care for my injuries." *Am. Compl.* [#6] at 13. In considering the five possible forms of municipal custom or policy identified by the Tenth Circuit in *Schneider*, the Court first finds that Plaintiff has not alleged any facts regarding decisions of employees with final policymaking authority, ratification of employees' decisions, nor inadequate training by Defendant. *See Schneider*, 717 F.3d at 769. Therefore, Plaintiff is left with only two options to survive Defendant's Motion [#34]: (1) alleging an officially promulgated

policy; or (2) alleging an informal custom amounting to a widespread practice. *Id.*

Plaintiff has alleged two specific ways that Defendant was deliberately indifferent to his medicals needs: (1) Defendant denied his medical care and asserted that he had no injuries; and (2) Defendant denied the release of Plaintiff's medical records to his own doctor. *Am. Compl.* [#6] at 12. However, Plaintiff has not alleged that either of these actions were the result of an officially promulgated policy. Rather, he makes a vague and unspecific allegation that "[b]ecause of [Defendant's] policies and procedures [he] was denied the ability to have [his] own doctor [ ] review those records and get appropriate care for [his] injuries." *Am. Compl.* [#6] at 13; *see Bauer*, 642 F. App'x at 924. Plaintiff also only alleges facts relating to his own delays in medical care, and fails to allege any facts that indicate that his denial of medical care was a widespread custom or policy affecting other prisoners. *See id.*

Therefore, the Court finds that Plaintiff has failed to sufficiently allege a claim for municipal liability. Accordingly, Plaintiff's Claim Four is **dismissed without prejudice**. *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990).[4]

### IV. Conclusion

Based on the foregoing,

---

[4] The dismissal of an action pursuant to Rule 12(b)(6) is a resolution on the merits and is ordinarily prejudicial. *Brierly v. Schoenfeld*, 781 F.2d 838 (10th Cir. 1986) (affirming a district court decision to dismiss with prejudice an action brought under 42 U.S.C. § 1983). However, due to heightened concerns when the plaintiff is proceeding pro se, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001). Here, it is possible that the claim against Defendant pursuant to the Fourteenth Amendment could raise substantial issues upon further investigation and development, and thus prejudice should not attach to the dismissal. *See Reynoldson*, 907 F.2d at 127.

IT IS HEREBY **ORDERED** that the Motion [#34] is **GRANTED**. Plaintiff's Fourth Claim for relief against Defendant Correct Care Solutions, LLC is **dismissed without prejudice**.

Dated: March 12, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge